# MAX LANSBURGH vs. GEORGE T. DONALDSON.

*Purchase of demised land by tenant at a tax sale.*

When a tenant purchases the land demised at a tax sale, he will be decreed to hold the tax sale title in trust for his landlord, since Code, Art. 81, sec. 69, requires a tenant to pay the taxes levied on the demised premises; and the landlord may maiutain a bill in equity to enforce his right, although he is not in possession of the premises.

*Decided November 14th, 1908.*

Appeal from the Circuit Court for Prince George's County (MERRICK, J.)

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, THOMAS and WORTHINGTON, JJ.

*Clayton E. Emig* for the appellant.

*Fillmore Beall* and *C. H. Stanley* for the appellee.

BURKE, J., delivered the opinion of the Court.

This is an appeal from an order of the Circuit Court for Prince George's County, sustaining a demurrer to the bill of complaint and dismissing the bill. The bill, among other things, alleges the following facts, which are admitted by the demurrer to be true, and which, for the purposes of this appeal, are all the facts that need be stated. The complainant was the owner in fee of a farm situated in Prince George's County, and in the year 1892 he leased this farm to George T. Donaldson, the appellee, who agreed to pay an annual rental of one hundred dollars; the appellee entered in possession of the premises, and from time to time paid rent. The relation of landlord and tenant existed for a number of years, and during that time the tenant removed from the premises valuable mineral under·contract with the landlord, but has

VOL. 108                44

never accounted to him therefor, and he also became further indebted to the complainant on other accounts which he has failed to discharge. Donaldson failed to pay his rent promptly, and because of his failure in this respect, the complainant was not able to pay the taxes due upon the property, and the farm was sold by public authority to enforce their collection. Donaldson, who was then in possession of the property as the tenant of the complainant, purchased the premises at the tax sale. It is alleged that he fraudulently acquired the tax title to the premises and that while the relation of landlord and tenant existed he fraudulently and without the knowledge and consent of the plaintiff applied moneys for the payments of said taxes on the premises at a time and period when he was indebted to the complainant for rent and for other moneys due under various other agreements arising and existing during the period of his tenancy The plaintiff has made various efforts to reimburse Donaldson for moneys expended by him for taxes, and has offered and has been ready and willing to pay him any and all taxes which he may have paid for State and County purposes on account of the rented premises, but has been unable to effect a satisfactory settlement with him. The complainant tenders himself ready to account to the defendant for all taxes paid by him; provided the defendant account and pay for the use and occupation of the premises.

The prayer for relief is; (a) That the defendant may be decreed to hold the tax title to the land and premises described in the bill in trust for the complainant, (b) That an accounting may be had between the parties whereby the defendant may be charged with the use and occupation of the premises from the time he entered into possession thereof as tenant, and that he be credited with whatever sums of money he may have paid for State and County Taxes on account of the land, and for other and general relief.

The grounds assigned for the demurrer are; (1) That the plaintiff has not stated such a case as entitled him to and relief. (2) That the plaintiff has adequate relief in a Court of Law. The Court, in its opinion, found that the plaintiff was out of

possession, and treated the proceeding as one to annul the tax deed under which the defendant has acquired a good *prima facie* title to the property, and dismissed the bill for the reason that the plaintiff had "a full and adequate remedy at law by an action of ejectment in which proceeding all disputed questions raised by the bill can be fully adjusted."

It is provided by section 69 Article 81 of the Code of 1904 that; "The tenant or person holding a leasehold estate shall pay to the collector the taxes levied upon the demise dpremises, and shall have his action against the landlord for the sums so paid, and may deduct the same out of the rent reserved, unless otherwise agreed between the lessor and lessee    This section not to apply to Garrett County."    The defendant, at the time he purchased the property, being under a statutory obligation to pay the taxes, the facts alleged in the bill bring the case directly within the principle announced in *Oppenheimer* v. *Levi*, 96 Md. 296.

A number of cases from other jurisdictions were cited at the hearing by counsel for the appellant to the effect that under the allegations contained in the bill a Court of equity would have power to grant the relief prayed for in the absence of an obligation on the part of the tenant to pay taxes; but we prefer to rest the decision upon Oppenheimer's case in which JUDGE PEARCE collected and reviewed the anthorities which, under the facts stated in the bill, abundantly support the plaintiff's position.    The opinion in that case after stating the general rule announced in all the cases in this Court upon the subject, "that those only who have a clear legal and equitable title to the land, connected with possession, have a right to claim the interference of a Court of equity to give them peace, or dissipate a cloud on title," proceeds to say: "There are, however, well established legal principles, applicable to the facts of this case, which, in our opinion, take it out of the general rule and bring it within the exceptions in which equity has jurisdiction. These principles cannot be better stated than in the language of JUDGE COOLEY, extracted from his law of taxation: 'Some persons, from their relation to the land or to the tax are pre-

cluded from becoming purchasers on grounds which are apparent when their relation to the property and to the taxes is shown. The title to be given at a tax sale is a title. based on the default of a person who owes to the public the duty to pay the tax, and the sale is made by way of enforcing that duty. But one person may owe the duty to the public and the other may owe it to the owner of the land by reason of contract or other relations. Such a case may exist where the land is occupied by a tenant, who, by his lease, had obligated himself to pay the taxes. Where there is a relation of the parties to the land, it would cause a shock to the moral sense, if the law would permit this tenant to neglect his duty and then take advantage thereof to cut off his lessor's title by buying in the land at a tax sale * * * There is a general principle applicable to such cases, which may be stated thus: That a purchase, made by one whose duty it is to pay the taxes, shall operate as a payment only; he shall acquire no right as against a third party by a neglect of the duty which he owed to such party. This principle is universal and is so entirely reasonable and just as scarcely to need the support of the authority.' " Among the cases cited as supporting the principle stated by JUDGE COOLEY is that of *Burgett* v. *Taliaferro*, 118 Ill. 516, in which it is held that "that at most, the tenant could only become seised under the tax deed in trust for his landlord, if living; if dead then, for his heirs, or assigns." It is stated in 24 *Cyc.*, 954, that "a purchaser cannot acquire a title as against his landlord by a purchase of the premises at a tax sale, when the duty to pay the taxes for which the premises were sold devolved upon the tenant, either by statute, or by agreement." To the like effect is the case of *Smith* v. *Specht*, 58 N. J. Eq. 47.

Assuming, as we must do, the truth of the facts alleged in the bill, we are of opinion that the lower Court committed an error in sustaining the demurrer and dismissing the bill, and that its order to that effect must be reversed.

*Order reversed with costs and cause remanded.*